**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOMMY COLE,<br><br>    Petitioner,<br><br>v.<br><br>LEANNA LUNDY, Warden,<br><br>    Respondent. | Case No. 2:25-cv-1609-TJH-RAO<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

**I.   BACKGROUND**

On February 11, 2025,[1] Petitioner Tommy Cole ("Petitioner"), proceeding *pro se* and *in forma pauperis*, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner seeks habeas relief from state custody arising from his 2013 conviction in Los Angeles County Superior Court, case no. BA354746. Dkt. No. 3 ("Pet.") at 2.

The Court notes that Petitioner previously has filed two habeas petitions concerning the same 2013 conviction and sentence, both of which this Court has

---

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail on their behalf, the court deems the pleading constructively "filed" on the date it is signed. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010). The Petition was filed in this Court on February 27, 2025.

| | |
|---|---|
| 1 | denied.[2] *Cole v. Johnson*, No. 2:23-cv-10913 (C.D. Cal. Jan. 5, 2024) ("2023 |

denied.[2] *Cole v. Johnson*, No. 2:23-cv-10913 (C.D. Cal. Jan. 5, 2024) ("2023 Petition"); *Cole v. Rackley*, No. 2:16-cv-7437 (C.D. Cal. Aug. 30, 2018) ("2016 Petition"). The Court dismissed Petitioner's 2016 Petition on the merits. *See* Order Accepting Report and Recommendation and Judgment, *Cole v. Rackley*, No. 2:16-cv-7437 (C.D. Cal. Aug. 30, 2018), Dkt. Nos. 62–63. And the Court dismissed the 2023 Petition as successive. *See* Order Summarily Dismissing Successive Petition For Writ of Habeas Corpus for Lack of Jurisdiction, *Cole v. Johnson*, No. 2:23-cv-10913 (C.D. Cal. Jan. 5, 2025), Dkt. No. 5.

Because neither the Petition itself nor the records of the Ninth Circuit show that Petitioner has obtained authorization from the Ninth Circuit to file a successive petition in this Court, the Court issued a screening order on March 4, 2025 ("Screening Order"). Dkt. No. 6. The Screening Order informed Petitioner that the instant Petition appeared to be a second or successive petition and thus required the Ninth Circuit's permission before filing. Dkt. No. 6. Petitioner responded to the Screening Order stating the Petition is not successive because it raises a new claim under California law. Dkt. No. 9.

For the following reasons, the Petition is dismissed without prejudice.

## II. STANDARD OF REVIEW

A district court may rely on the petition and any attached exhibits to dismiss a petition that plainly shows that the petitioner is not entitled to habeas relief. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because a district court's ability to hear a second or successive petition is jurisdictional, the court may *sua sponte* dismiss the petition on that ground. *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007); *Day v. McDonough*, 547 U.S. 198, 205–06 (2006).

///

---

[2] The Court takes judicial notice of these court records and files as well as those of the Court of Appeals for the Ninth Circuit, as necessary herein. Fed. R. Evid. 201(b)(2); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

2

## III. DISCUSSION

Habeas petitions filed after April 24, 1996, are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Jones v. Davis*, 8 F.4th 1027, 1035 (9th Cir. 2021). The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152–53 (2007).

Because Petitioner's claims in the instant Petition challenge the same 2013 conviction, the Court finds that the instant Petition is clearly second or successive, and Petitioner must first seek authorization from the Ninth Circuit to file his petition. *Balbuena v. Sullivan*, 980 F.3d 619, 634–35 (9th Cir. 2020).

In response to the Screening Order, Petitioner states that the instant Petition is not second or successive because it asserts new claims under California Penal Code § 745(a)(1). Dkt. No. 9 at 1. A petitioner may not, however, present new claims not previously raised in a prior habeas petition if they attack the same underlying judgment, and the prior petition was dismissed on the merits. *See Goodrum v. Busby*, 824 F.3d 1188, 1193–94 (9th Cir. 2016). Even though Petitioner presents a new argument in support of the instant Petition, that alone does not allow him to bypass

3

the statutory obligation to first seek authorization from the Ninth Circuit before filing a second or successive petition.³ 28 U.S.C. § 2244(b)(2). The Petition continues to attack the same underlying 2013 conviction, and Petitioner has not been granted authorization by the Ninth Circuit to file a successive petition and present his claims based on California Penal Code § 745(a)(1).

For these reasons, the Court finds that it lacks jurisdiction to consider the Petition. The reference to the Magistrate Judge is therefore vacated, and the Petition is dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 152–53. Any pending motions are denied as moot, and the Clerk is directed to enter judgment dismissing the Petition.

### IV.    CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and

---

³ Publicly available records from the Ninth Circuit indicate that Petitioner filed an application to file a second or successive habeas petition, and the Ninth Circuit denied the application on August 22, 2024, finding that Petitioner had not made a prima facie showing under 28 U.S.C. § 2244(b)(2). *Cole v. Hill*, No. 24-365 (9th Cir. Aug. 22, 2024). Petitioner's application to the Ninth Circuit was based on the arguments presented to this Court in the 2023 Petition.

(2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. Since the Petition is patently a successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## V. CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and
2. A Certificate of Appealability is **DENIED**.

DATED: June 27, 2025

_____
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE